Jihad Abdul **MOHAMMED,** aka Jihad **Mohammed-Bey, Plaintiff-Appellant,**

v.

Jimmy **CRUZEN, Correctional Officer; et al., Defendants-Appellees.**

No. 17-16035

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Jihad Abdul Mohammed, Pro Se

Chad Allen Stegeman, Esquire, Attorney, California Department of Justice, San Francisco, CA, Erin Ganahl, Deputy Assistant Attorney General, AGCA—Office of the Attorney General, Oakland, CA, for Defendants-Appellees

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

California state prisoner Jihad Abdul Mohammed, AKA Jihad Mohammed-Bey, appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action related to congregational prayer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court properly granted summary judgment because Mohammed failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies, or whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)). Mohammed contends that he exhausted under a "continuing violation" theory, but even if this court were to adopt such a theory, it would not apply in this case.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.